**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| AARON INDUSTRIES, INC., | ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Hartford Fire Insurance Company ("Hartford"), by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., pursuant to 28 USC, §§2201 and for its Complaint for Declaratory Judgment against Defendant, Aaron Industries, Inc. ("Aaron"), states as follows:

**INTRODUCTION**

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to resolve questions of actual controversy involving an insurance policy issued to Aaron by Hartford ("Policy").

**THE PARTIES**

2. Plaintiff, Hartford, is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

3. Defendant, Aaron, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees, and costs, exceeds Seventy-Five Thousand Dollars ($75,000). The Court further has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, because Hartford is seeking a declaration regarding the parties' rights and obligations with respect to the application of a policy issued to Aaron.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant, Aaron, is a resident of this District.

## FACTS

6. Hartford issued policy number 83 UUM PF9455 to Aaron, effective from October 15, 2017 through October 15, 2018. A copy of the Policy is attached hereto as Exhibit A.

7. On or about September 10, 2015, Aaron, as part of a joint venture with Reich Brothers, LLC ("Reich"), purchased thirteen (13) double skin-food grade tank barges ("Barges"), including seventy-eight (78) attached stainless steel tanks ("Tanks") from Cargill, Incorporated for $1.7 million. A copy of the purchase agreement is attached hereto as Exhibit B.

8. Aaron and Reich subsequently entered into an agreement with JNG Enterprises, LLC ("JNG") and Ocean Marine Contractors, LLC ("OMC") to tow the Barges and Tanks from Tennessee to OMC's facility near Houma, Louisiana. A copy of the agreement is attached hereto as Exhibit C.

9. As part of Aaron and Reich's agreement with JNG and OMC, OMC agreed to remove the Tanks from the Barges and store the Tanks at OMC's property for a period of five years to allow Aaron and Reich to arrange the resale of the Tanks.

10. In exchange for OMC's services, Aaron and Reich transferred ownership of the Barges, with the Tanks removed, to OMC for OMC to sell the Barges as scrap.

11. On or about May 1, 2016, the Barges and Tanks were delivered to OMC's facility.

12. By August 10, 2016, the Tanks had been removed from the Barges for storage by OMC.

13. The Barges were subsequently sold by OMC.

14. Pursuant to the agreement between Aaron and Reich and JNG and OMC, Aaron and Reich retained ownership of the Tanks.

15. Upon information and belief, Aaron and Reich subsequently sold sixteen of the Tanks, which were removed from the OMC facility without incident.

16. In March of 2018, Aaron and Reich entered into a contract to sell nine additional Tanks for a total of $450,000.00 and it was discovered that many of the remaining Tanks had been dismantled and/or sold without Aaron and Reich's knowledge or consent.

17. On March 23, 2018, Aaron and Reich filed suit in the United States District Court for the Eastern District of Louisiana against OMC, JNG and other entities, seeking an injunction against the further dismantling and/or sale of the Tanks, as well as damages relating to the alleged conversion of the Tanks by OMC and others.

18. On or about March 27, 2018, Aaron submitted an Acord Loss Notice to Hartford, advising Hartford of the loss ("Claim"). The Acord Loss Notice stated that the Tanks were in the care and custody of OMC when they were dismantled and that Aaron was pressing charges against OMC for the "illegal taking" of its property. A copy of the Acord Loss Notice is attached hereto as Exhibit D.

19. The Policy contains the following coverage exclusion:

> **2.** We will not pay for "loss" caused by or resulting from any of the following:
>
> \* \* \*
>
> e. **Dishonest or Criminal Acts**
>
> **(1)** Dishonest or criminal acts, including conversion and theft, committed by:
>
> **(a)** You or any or your partners;
>
> **(b)** Your directors or trustees;
>
> **(c)** Your authorized representatives or employees; or
>
> **(d)** Anyone other than a carrier for hire or rental or sales customer, to whom you release or entrust the Covered Property, including their employees, for any purpose.
>
> This exclusion applies whether or not such persons are acting alone or in collusion with others, or such acts occurring during the hours of employment.
>
> **(2)** This exclusion does not apply to:
>
> **(a)** Acts of destruction by your employees; or
>
> **(b)** Acts of conversion and theft committed by your rental or sales customers or carrier(s) for hire.

(MS 00 78 01 10)

20. Pursuant to the agreement between Aaron and Reich and JNG and OMC, Aaron and Reich entrusted the Tanks to OMC for storage.

4

21. The loss in question was caused by the theft or conversion of the Tanks by OMC or its employees.

22. OMC is not a carrier for hire, nor was OMC a rental or sales customer of Aaron with respect to the Tanks.

23. The Dishonest or Criminal Acts Exclusion applies and bars coverage for the Claim.

24. Inasmuch as an actual and present controversy exists between Hartford and Aaron concerning their respective rights and obligations under the Policy, Hartford is entitled to a judicial determination of its rights and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Hartford Fire Insurance Company, respectfully requests that judgment be entered in its favor as follows:

a. That the Court declare that the Hartford Policy does not provide coverage for the Claim and that Hartford does not have a duty to indemnify Aaron Industries, Inc.; and

b. Such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**LEAHY, EISENBERG & FRAENKEL, LTD.**

By:/s/ *Howard B. Randell*
    One of the Attorneys for Plaintiff

**LEAHY, EISENBERG & FRAENKEL, LTD.**
Howard B. Randell (hbr@lefltd.com)
Scott Wing (sw@lefltd.com)
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel. 312-368-4554
*Attorneys for The Hartford Fire Insurance Company*
\\lefpl\Prolaw Files\Documents\HARTFORD\18502\PLEADINGS\514909.doc